(August 13, 1998)

■ LAWRENCE G. ALTMAN et al., Appellants, v DANIEL P. BAR-BIERO et al., Respondents. [676 NYS2d 578] —Order, Supreme Court, New York County (Ira Gammerman, J.), entered October 9, 1996, which granted defendants' motion for summary judgment dismissing the complaint, unanimously modified, on the law, to reinstate plaintiffs' eighth cause of action to the extent that it alleges that money was paid by the limited partnership to defendants DM Management, Inc. and DM Development, Inc. for services that were never rendered, and otherwise affirmed, without costs.

In this action for, *inter alia*, fraud and breach of fiduciary duty brought by limited partners in a real estate investment venture against the general partners, the motion court correctly determined that plaintiffs failed to raise a triable issue of fact in opposition to defendants' showing that prior to the auction at which defendants purchased a number of the subject condominium units at a price below the original offering price, no offer had been made to buy all of the units at any price, let alone at a price that would have been more lucrative to the venture than the auction. Plaintiffs' other claims were properly dismissed as precluded by the disclosures set forth in the offering memorandum.

However, while we agree with the IAS Court that the partnership was participating in a risky venture in a potentially volatile real estate market and that plaintiffs received adequate disclosure of the potential financial risks and conflicts of interest, an issue of fact is presented with regard to plaintiffs' claim that payments were made by the partnership to the DM entities for services that were never rendered. The affidavit of defendant Mashburn, one of the two general partners, which states that the partnership retained DM Development to refurbish the properties and that both the interior and exterior of the motel were repainted, that the tennis courts and pools were redone, and that electrical work, roof repair, redecoration of the units and a complete landscaping of both properties were done, is directly contradicted by the affidavit of plaintiff Daubert, who visited both of the partnership properties in the summers of 1990 and 1991 and found the Watch Hill property in disrepair. Concur—Lerner, P. J., Ellerin, Rubin, Tom and Andrias, JJ.